UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLETTE D. RAGIN,

    Plaintiff,

vs.

EAST RAMAPO CENTRAL SCHOOL DISTRICT,

    Defendant.

05 CIV 06596 (SCR)

**FIRST AMENDED COMPLAINT**

NOW COMES plaintiff and as and for her First Amended Complaint alleges and avers as follows:

## I. **Parties**

1. Plaintiff, Colette D. Ragin, is an African-American female who resides in the County of Orange, within this judicial district.

2. Defendant, East Ramapo Central School District, is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued for the violation of plaintiff's statutorily protected civil rights and employs more than 20 persons.

## II. **Jurisdiction**

3. As plaintiff timely filed a complaint of race and disability

1

discrimination against defendant with the EEOC and as plaintiff received a right to sue letter from the EEOC on April 4, 2005 and initiated suit in this Court within 90 days, this Honorable Court has jurisdiction over this cause pursuant to 42 U.S.C. sec. 2000e-5, **et seq.**

### III. **Factual Averments**

4. In August 2002, defendant employed plaintiff as Assistant Principal at Lime Kiln Elementary Schools [hereafter "Lime Kiln"].

5. Plaintiff fully qualified for this position by dint of her educational and employment background.

6. At all relevant times, Neil Kaplicer, a white male, served as building principal at Line Kiln.

7. Between August 2002 and June 2004, Kaplicer evaluated plaintiff on four occasions, rating her as satisfactory the first three times, but as unsatisfactory the fourth.

8. This final evaluation followed plaintiff's complaint of sexual harassment against the head custodian of her school.

9. On two occasions in December 2003 and January 2004, this male improperly touched plaintiff in a sexual manner in a supply closet, altering the terms and conditions of her employment.

10. Thereafter, plaintiff reported this harassment to her superior with no effective remedial response by defendant through its agents.

11. After being groped by the head custodian, having her complaint go unheeded and being subjected to numerous other degrading incidents of employment, plaintiff concluded that she was working in a sexually and racially hostile environment.

12. On the basis of the conduct of the head custodian toward her, a reasonable person would likewise have concluded that this conduct subjected plaintiff to a racially and sexually hostile environment.

13. After filing a formal complaint of sexual harassment in May 2004 with the Assistant Superintendent for Personnel, plaintiff received an unsatisfactory evaluation from her principal.

14. Defendant had no credible non-discriminatory or non-retaliatory bases for said adverse evaluation.

15. In the same time period, plaintiff was denied the opportunity to interview for several open principalships in the school districts.

16. Other, less qualified persons who were white and who had not filed complaints of discrimination, were permitted to apply for said positions.

17. After she filed her complaint of sexual harassment, plaintiff's principal handed her four pages of graphic pornography and asked her to investigate its source and student access to such sites during school time.

18. Plaintiff then filed a complaint of sexual harassment against this principal, but, again, the district failed to investigate her complaint and provided the subject of this complaint with a favorable recommendation as he took a principalship in New Jersey.

19. Effective September 2004, plaintiff was reassigned to

Fleetwood Elementary School where she reported to Patricia Simmons, an African-American female. This was plaintiff's second re-assignment from Lime Kiln.

20. Shortly after plaintiff assumed this role, Simmons told her that she did not want to be in the middle of what as going on between plaintiff and the school district and did not want to play the district's game.

21. Notwithstanding her comments, Simmons treated plaintiff in a disparate and inferior manner, denying her needed equipment, lying in her evaluations and subjecting her to greater scrutiny than the district provided to similarly-situated white assistant principals.

22. In retaliation for plaintiff's prior complaints of sexual harassment and as an extension of the previous racially hostile environment, Simmons recommended termination of plaintiff's employment.

23. Defendant terminated plaintiff's employment during the first semester of the 2004-05 school year.

24. As a consequence of this discriminatory and retaliatory termination plaintiff suffered significant stress, emotional distress, anxiety, pain and suffering and actual economic loss.

25. Defendant's conduct was intentionally discriminatory and retaliatory and carried out with spite and indifference to plaintiff's civil rights.

IV. **CAUSES OF ACTION**

26. Plaintiff incorporates paras. 1-25 as if fully re-written herein.

27. By and through the practices outlined above, defendant has violated 42 U.S.C. sec. 2000e-5, **et seq.** by discriminating against plaintiff on the basis of her race and sex, by creating a hostile work environment on the basis of her race and sex, by retaliating against her on the basis of her complaints of sexual harassment and by terminating her on the basis of race, sex and in retaliation for her prior internal EEO complaints.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide all issues within its scope;

c) award to plaintiff compensatory and punitive damages as authorized by law with pre and post-judgment interest;

d) award plaintiff the reasonable cost and attorneys' fees as provided by 42 U.S.C. sec. 1988, and

e) enter any other order the interests of law and/or equity required.

Respectfully submitted

MICHAEL H. SUSSMAN (3497)

LAW OFFICES OF MICHAEL H. SUSSMAN
PO BOX 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

3/11/06